[No. 13045.   Department One.   April 4, 1916.]

E. C. LLOYD et al., Appellants, v. N. WILLIAMSON, Respondent.[1]

BROKERS—COMPENSATION—ACTIONS—DEFENSES— FRAUD — PARTICI-PATION BY PLAINTIFF.  Upon an agreement by both parties to an ex-change of properties that each should pay his own broker and that the one at fault should pay both, in an action by the brokers against the one at fault, the brokers cannot set up that a contemporaneous secret agreement for a less commission in case of defendant's fault was a fraud upon the other party to the contract, since the brokers were parties to the fraud, and the law will leave them where it finds them.

SAME—COMPENSATION—CONTRACTS— EVIDENCE — ORAL CONDITIONS TO VARY WRITING.  In such a case, the contemporaneous secret agree-ment, being in writing, is properly considered in connection with the other written contract, and without reference to oral conditions.

Appeal from a judgment of the superior court for Adams county, Holcomb, J., entered January 6, 1915, upon find-ings in favor of the defendant, in an action to recover brokers' commissions, after a trial to the court.  Affirmed.

*Voorhees & Canfield*, for appellants.

*W. E. McCroskey* and *F. L. Stotler*, for respondent.

BAUSMAN, J.—Defendant agreed in writing with the Nicholas-Shrock Company to exchange properties.  Each party was to pay his own broker, but the one who should fail to complete the transaction was to pay both.  Defend-ant, the one who failed, is sued for the combined commissions.  He sets up, though, another writing between himself and both sets of brokers, executed before and yet on the same day with the principal contract, by which paper he was to pay them both only a much smaller sum should he be the one to blame.  Against this the plaintiff brokers contend that along with that paper went certain oral conditions which

[1]Reported in 156 Pac. 390.

made it ineffective; and secondly, that, if considered at all, it was a secret fraud on the Nicholas-Shrock Company to which it had not been disclosed.

The lower court rightfully gave judgment only for the smaller sum. If this paper was a fraud on the Shrock company, it is not to be set up by either of the brokers, who were as much secret parties to it as the defendant. On a basis of fraud the court must leave plaintiffs where it finds them. Indeed, they are on their own argument lucky to get anything, for such a fraud might vitiate the principal contract too and deprive them of any commission whatsoever. As to the other ground, we find the lower court clearly right on both the law and the facts in considering this paper without the alleged oral conditions and, in an action between the brokers and the defendant, as proper to be read in conjunction with the principal contract.

Judgment affirmed.

MORRIS, C. J., MOUNT, CHADWICK, and ELLIS, JJ., concur.